UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GENARD DENEZ CHESTNUT,

    Plaintiff,

v.

TONY ANDERSON, *et al.*,

    Defendants.

Case No. 3:23-cv-1478-WWB-JBT

### PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE

Pursuant to Rule 4(m), Plaintiff Genard Denez Chesnut respectfully requests (a) additional time to effectuate service on Defendant Tony Anderson. In support, Plaintiff states:

**I.     BACKGROUND**

On December 18, 2023, Plaintiff, a state prisoner then incarcerated at Union Correctional Institution, sued several correctional officers and staff alleging violations of his constitutional rights starting on or about December 18, 2019. (*See, generally* Doc. 1). The four-year statute of limitations for Plaintiff's claims has thus expired after the filing of the Complaint. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n. 2 (11th Cir. 1990); *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).

Plaintiff has served all but one defendant, and the time to serve him will expire on March 18, 2024. *See* Fed. R. Civ. P. 4(m). That defendant, Tony Anderson, is an individual employed by FDC as an Assistant Regional Director. Plaintiff has attempted to serve him at the correctional institution several times but was informed that he was out of town.

A true and correct copy of documentation evidencing the efforts to effectuate service on Tony Anerson is attached as **Exhibit 1**. The remaining defendants have been served and as soon as Plaintiff obtains the returns of service, he will file them with the Court.

Accordingly, Plaintiff seeks an additional 60 days to effectuate service on Defendant Anderson.

**II.    MEMORANDUM OF LAW**

Plaintiff seeks to extend the deadline to serve Defendant Anderson by 60 days. Plaintiff has good cause for this extension. Normally, Rule 4(m) necessitates service of a summons and complaint to all defendants within 90 days after the complaint is filed. *See* Fed. R. Civ. P. 4(m). Failure to comply with Rule 4(m) can lead to dismissal of a case or party without prejudice.

To avoid dismissal, a plaintiff may request an extension of time for service upon a showing of good cause. *See id.* "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause," however. V*illaflor v. Ultimate Med. Acad., LLC*, Case No: 8:16-cv-1486-T-23JSS, at *5 (M.D. Fla. Oct. 7, 2016) (quoting *Horenkamp v. Van*

2

*Winkle And Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005)). An extension of time for service may be justified "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed.R.Civ.P. 4(m) advisory committee's note 1993 Amendments; *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1133 (11th Cir. 2005). Additionally, in the context of an incarcerated litigant, "prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes." *Richardson v. Johnson*, 598 F.3d 734, 739-40 (11th Cir. 2010); *see also Jackson v. Gonzalez*, No. 19-CV-61410-ALTMAN, at *8 (S.D. Fla. Sep. 1, 2020) (good cause to deny a motion to dismiss based on Rule 4(m); *see also Allen v. Carey*, 626 F. App'x 852 (11th Cir. 2015) (vacating dismissal of prisoner suit on Rule 4(m) grounds).

Here, Plaintiff has demonstrated good cause for a 60-day extension to serve Defendant Anderson. While the complaint was timely filed within the statute of limitations, the claims against this defendant would be barred by the statute of limitations if the complaint were to be dismissed against him under Rule 4. Plaintiff has tried to locate him at his institution, and it is difficult to serve an officer—or in this case, a regional director—when they not at their stationed facility, as it is customary that correctional staff and employers do not readily share home addresses, or current information about themselves or their employees with inmates or in public databases. *See Richardson*, 598 F.3d at 739 (quoting *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990)).

3

In attempts made here, process servers were told that Defendant Anderson had been traveling for work to Tallahassee. Plaintiff will continue to endeavor to serve Defendant Anderson next week, as he is expected to return to his institution.

### III.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests a 60-day extension to effectuate service on Defendant Tony Anderson.

Dated: March 15, 2024

Respectfully submitted,

*/s/ James V. Cook*
James V. Cook (FBN 0966843)
Law Office of James Cook
314 W. Jefferson Street
Tallahassee, Florida 32301
Tel. (850) 222-8080
Fax (850) 561-0836
cookjv@gmail.com

*/s/ James M. Slater*
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
Tel.  (305) 523-9023
james@slater.legal

*Attorneys for Plaintiff*

5

## Certification Under Local Rule 3.01(g)

No counsel has appeared on behalf of any of the served defendants at this time. To the extent any appear prior to the adjudication of this motion, counsel will file an updated certificate of service identifying the party's position on this motion.

By: */s/ James M. Slater*
James M. Slater