## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**GENARD DENEZ CHESTNUT,**

    **Plaintiff,**

**v.**                                                    **Case No. 3:23-cv-1478**

**TONY ANDERSON, DAVID SNOW,**
**MICHAEL BROWN, STERLING PEUGH,**
**TRENT RULEVITCH, SIFOA ROBBINS,**
**WILLIE OLIVER, LYNDELL HAMPTON,**
**ROBERT PETRY, JOEL STARLING, and**
**ROBERT BROWN, individually,**

    **Defendants.**

_____/

## DEFENDANT TONY ANDERSON'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant TONY ANDERSON, by and through undersigned counsel, hereby files this Answer and Affirmative Defenses to Plaintiff's Complaint and states as follows:

### Jurisdiction And Venue

1.    Admitted solely for purposes of jurisdiction, otherwise denied.

2.    Admitted the Middle District is a possible proper venue, otherwise denied.

3.    Denied.

### Parties

1

4.    Admitted that Plaintiff was an inmate in the custody of the Florida Department of Corrections (FDC) at the time of the alleged offense, December 18, 2019.

5.    Admitted.

6.    The allegations in this paragraph are not directed at Defendant Anderson, thus no response is required. To the extent that these allegations may be construed against Defendant Anderson, they are denied.

7.    The allegations in this paragraph are not directed at Defendant Anderson, thus no response is required. To the extent that these allegations may be construed against Defendant Anderson, they are denied.

8.    The allegations in this paragraph are not directed at Defendant Anderson, thus no response is required. To the extent that these allegations may be construed against Defendant Anderson, they are denied.

9.    The allegations in this paragraph are not directed at Defendant Anderson, thus no response is required. To the extent that these allegations may be construed against Defendant Anderson, they are denied.

10.    The allegations in this paragraph are not directed at Defendant Anderson, thus no response is required. To the extent that these allegations may be construed against Defendant Anderson, they are denied.

11.     The allegations in this paragraph are not directed at Defendant Anderson, thus no response is required. To the extent that these allegations may be construed against Defendant Anderson, they are denied.

12.     The allegations in this paragraph are not directed at Defendant Anderson, thus no response is required. To the extent that these allegations may be construed against Defendant Anderson, they are denied.

13.     The allegations in this paragraph are not directed at Defendant Anderson, thus no response is required. To the extent that these allegations may be construed against Defendant Anderson, they are denied.

14.     The allegations in this paragraph are not directed at Defendant Anderson, thus no response is required. To the extent that these allegations may be construed against Defendant Anderson, they are denied.

15.     The allegations in this paragraph are not directed at Defendant Anderson, thus no response is required. To the extent that these allegations may be construed against Defendant Anderson, they are denied.

16.     Admitted.

## Common Allegation of Fact

17.     Denied.

18.     Denied.

19.     Denied.

20.    Denied.

21.    Denied.

22.    Denied.

### A. Incident at Florida State Prison

23.    Without knowledge, therefore denied.

24.    Without knowledge, therefore denied.

25.    Without knowledge, therefore denied.

26.    Without knowledge, therefore denied.

27.    Without knowledge, therefore denied.

28.    Without knowledge, therefore denied.

29.    Without knowledge, therefore denied.

30.    Without knowledge, therefore denied.

31.    Without knowledge, therefore denied.

32.    Without knowledge, therefore denied.

33.    Without knowledge, therefore denied.

34.    Without knowledge, therefore denied.

35.    Without knowledge, therefore denied.

36.    Without knowledge, therefore denied.

37.    Without knowledge, therefore denied.

38.    Without knowledge, therefore denied.

39.     Without knowledge, therefore denied.

40.     Without knowledge, therefore denied.

41.     Without knowledge, therefore denied.

42.     Without knowledge, therefore denied.

43.     Without knowledge, therefore denied.

44.     Without knowledge, therefore denied.

45.     Without knowledge, therefore denied.

46.     Without knowledge, therefore denied.

47.     Without knowledge, therefore denied.

48.     Without knowledge, therefore denied.

**B. Move to Union Correctional Institution**

49.     Admitted that Plaintiff was transferred from Santa Rosa CI to Union CI on or about December 2, 2019.

50.     Admitted that corrections officers may transfer to different institutions for various reasons during their tenure with FDC, otherwise denied.

51.     Without knowledge, therefore denied.

52.     Without knowledge, therefore denied.

53.     Without knowledge, therefore denied.

54.     Admitted that on December 18, 2019, Plaintiff was housed in Union C.I., V-Dorm, Cell 4107, and was the subject of a use of chemical force, after disobeying

repeated orders to stop yelling obscenities at the staff and creating a disturbance in the dorm.

55.    Admitted that Plaintiff was instructed to cuff up so he could be taken to a decontamination shower and he verbally indicated his intent to comply; otherwise denied.

56.    Admitted that Plaintiff was required to submit to a strip search prior to being taken to a decontamination shower pursuant to FDC policy, otherwise denied.

57.    Admitted that to comply with a strip search, an inmate undresses, turns around and squats and coughs to demonstrate that he does not have anything lodged in his rectum.

58.    Without knowledge, therefore denied.

59.    Denied.

60.    Denied.

61.    Admitted that inmates may sustain injuries during forced cell extractions, otherwise denied.

62.    Denied.

63.    Admitted that camera operators should not video tape squat and coughs, otherwise denied.

64.    Denied.

65.    Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Admitted that Plaintiff continued to yell during the cell extraction as he had been doing for hours that morning, otherwise denied.

70.     Denied.

71.     Denied.

72.     Admitted that Plaintiff sustained injuries during the cell extraction that was required due to his failure to comply with lawful orders of corrections staff, otherwise denied.

73.     Admitted that Plaintiff sustained injuries during the cell extraction that was required due to his failure to comply with lawful orders of corrections staff, otherwise denied.

74.     Without knowledge, therefore denied.

75.     Without knowledge, therefore denied.

76.     Denied.

77.     Without knowledge, therefore denied.

78.     Without knowledge, therefore denied.

79.     Without knowledge, therefore denied.

80.     Without knowledge, therefore denied.

81.     Without knowledge, therefore denied.

82.     Without knowledge, therefore denied.

83.     Admitted that Colonel Lindsey reported to Defendant Anderson, otherwise denied.

84.     Without knowledge, therefore denied.

85.     Denied.

86.     Without knowledge, therefore denied.

## Causes of Action

### I.     Violation of 42 U.S.C. § 1983 for First Amendment Retaliation

Defendant Anderson repeats his Answers in Paragraphs 1 through 86 above, as though fully set forth herein. This Count is not against Defendant Anderson, therefore no response is required; however, to the extent that the allegations are construed against him, denied.

### II.     Violation of 42 U.S.C. § 1983 for Excessive Force

Defendant Anderson repeats his Answers in Paragraphs 1 through 86 above, as though fully set forth herein. This Count is not against Defendant Anderson, therefore no response is required; however, to the extent that the allegations are construed against him, denied.

### III.     Violation of 42 U.S.C. § 1983 for Supervisor Liability.

Defendant Anderson repeats his Answers in Paragraphs 1 through 86 above, as though fully set forth herein. This Count is not against Defendant Anderson, therefore no response is required; however, to the extent that the allegations are construed against him, denied.

### IV.     Violation of 42 U.S.C. § 1983 for Failure to Intervene

Defendant Anderson repeats his Answers in Paragraphs 1 through 86 above, as though fully set forth herein. This Count is not against Defendant Anderson, therefore no response is required; however, to the extent that the allegations are construed against him, denied.

### V.     Violation of 42 U.S.C. § 1983 for Failure to Protect

Defendant Anderson repeats his Answers in Paragraphs 1 through 86 above, as though fully set forth herein. This Count is not against Defendant Anderson, therefore no response is required; however, to the extent that the allegations are construed against him, denied.

### VI.     Conspiracy to Violate Civil Rights under 42 U.S.C. § 1983

Defendant Anderson repeats his Answers in Paragraphs 1 through 86 above, as though fully set forth herein.

103.   Denied.

104.   Denied.

105.   Denied.

106.   Denied.

## <u>AFFIRMATIVE DEFENSES</u>

1. Plaintiff's Complaint and every cause of action therein failed to state a claim upon which relief may be granted.

2. Defendant is not liable in tort for the acts or omissions of their agents or employees which were committed while the agent or employee was acting outside the course and scope of his or her employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

3. Any and all actions attributable to Defendant was reflective of discretionary policy making activity and such are afforded the benefit of the defense of sovereign immunity.

4. Plaintiff alleges that he suffered damages by reason of Defendant's conduct; Defendant's assert the right to offset that amount, if any amount of money is owed to Plaintiff by another party as a result of the alleged conduct.

5. Plaintiff has failed to mitigate and lessen damages, if he sustained any, as required by law, and is barred from recovery by reason thereof against Defendant.

6. If Plaintiff had mitigated his own alleged damages, Defendant is entitled to an offset for this amount.

7. Any judgment for the Plaintiff against Defendant is limited pursuant to Chapter 768, Florida Statutes.

8. To the extent Defendant was acting within the scope of their employment with the Florida Department of Corrections, Defendant is entitled to qualified immunity regarding all claims.

9. People or entities other than Defendant caused or contributed to damages Plaintiff claims to have suffered. Therefore, any award made in favor of the Plaintiff in this case must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged in the Complaint.

10. Injury and damages to Plaintiff, the existence of which are denied, were proximately caused by actions of others or events separate, distinct, unrelated, and remote to any action or inaction of Defendant, which said separate, distinct, unrelated actions of others or events or accidents were the sole proximate or contributing cause of Plaintiff's alleged injuries and damages, if

any, for which Defendant cannot be liable, or were such separate intervening and superseding causes thereof as to absolve Defendant of any responsibility or liability therefore.

11. No causal connection exists between actions, if any, of Defendant and the alleged deprivation of Plaintiff's constitutional rights.

12. Defendants did not create, maintain, support, or promote any policy, custom, or practice which in and of itself deprived Plaintiff of any civil or constitutional right, or which was the moving force behind any unconstitutional conduct of his employees or agents which may have been the legal cause of damages to Plaintiff.

13. Defendant did not act with a sufficiently culpable state of mind to amount to deliberate indifference, nor did Defendant know of an excessive risk of serious harm to Plaintiff.

14. Plaintiff has failed to exhaust his administrative remedies with respect to some or all of the allegations made in this case.

15. To the extent that some or all of Plaintiff's claims are barred by the applicable statutes of limitation and/or are otherwise barred or preempted, Plaintiff is not entitled to recover with respect to such claims.

16. Any damages and/or injuries in the nature of emotional harm sustained by Plaintiff was not caused by any action or inaction by Defendant.

17. To the extent that Plaintiff suffered injury as a result of the actions from himself or some third party and/or conditions not under the control of Defendant, Plaintiff is barred from recovery, in whole or in part, against Defendant with respect to such injuries.

18. Defendant cannot be held to be a part of conspiracy or co-conspiracies as they were employees acting within the scope of their employment with Florida Department of Corrections, and therefore cannot be found to be conspirators under the intra-corporate conspiracy doctrine as all actions were taken on behalf of the same entity or corporate form.

19. Because the Complaint only alleges conclusions of fact and law, the answering Defendant cannot fully anticipate all affirmative defense and reserves the right to add additional affirmative defenses as discovery proceeds or additional pleadings are filed, including but not limited to failure to exhaust administrative remedies prior to filing these claims.

**WHEREFORE**, Defendant Anderson demands judgment in his favor and against the Plaintiff, plus costs and reasonable attorney's fees, and any further relief this Court deems proper.

Respectfully submitted,

*/s/ Lauren F. Strickland*
Lauren F. Strickland, Esq.
Florida Bar No. 0070781

13

Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Telephone: (850) 877-7776
Email: Lauren@jsh-pa.com
*Attorney for Defendant Anderson*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served

on all counsel of record by CM/ECF on May 29, 2024.

*/s/ Lauren F. Strickland*
Lauren F. Strickland, Esq.

14