# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**GENARD DENEZ CHESTNUT,**

    **Plaintiff,**

**v.**                                                        **Case No. 3:23-cv-1478**

**TONY ANDERSON, DAVID SNOW,**
**MICHAEL BROWN, STERLING PEUGH,**
**TRENT RULEVITCH, SIFOA ROBBINS,**
**WILLIE OLIVER, LYNDELL HAMPTON,**
**ROBERT PETRY, JOEL STARLING, and**
**ROBERT BROWN, individually,**

    **Defendants.**

_____/

## DEFENDANT ROBERT BROWN'S
## ANSWER AND AFFIRMATIVE DEFENSES

    Defendant ROBERT BROWN, by and through undersigned counsel, hereby

files this Answer and Affirmative Defenses to Plaintiff's Complaint and states as

follows:

## Jurisdiction And Venue

1.    Admitted solely for purposes of jurisdiction, otherwise denied.

2.    Admitted that the Middle District is a possible proper venue, otherwise

denied.

3.    Denied.

## **Parties**

4.      Admitted that Plaintiff was an inmate in the custody of the Florida Department of Corrections (FDC) at the time of the alleged offense, December 18, 2019.

5.      The allegations in this paragraph are not directed at Defendant Brown, thus no response is required. To the extent that these allegations may be construed against Defendant Brown, they are denied.

6.      The allegations in this paragraph are not directed at Defendant Brown, thus no response is required. To the extent that these allegations may be construed against Defendant Brown, they are denied.

7.      Admitted that Defendant Brown was employed by FDC at Union CI on or about December 18, 2019, otherwise denied.

8.      The allegations in this paragraph are not directed at Defendant Brown, thus no response is required. To the extent that these allegations may be construed against Defendant Brown, they are denied.

9.      The allegations in this paragraph are not directed at Defendant Brown, thus no response is required. To the extent that these allegations may be construed against Defendant Brown, they are denied.

10.     The allegations in this paragraph are not directed at Defendant Brown, thus no response is required. To the extent that these allegations may be construed against Defendant Brown, they are denied.

11.     The allegations in this paragraph are not directed at Defendant Brown, thus no response is required. To the extent that these allegations may be construed against Defendant Brown, they are denied.

12.     The allegations in this paragraph are not directed at Defendant Brown, thus no response is required. To the extent that these allegations may be construed against Defendant Brown, they are denied.

13.     The allegations in this paragraph are not directed at Defendant Brown, thus no response is required. To the extent that these allegations may be construed against Defendant Brown, they are denied.

14.     Admitted that Defendant R. Brown employed by FDC at Union CI on or about December 18, 2019.

15.     The allegations in this paragraph are not directed at Defendant Brown, thus no response is required. To the extent that these allegations may be construed against Defendant Brown, they are denied.

16.     Admitted.

## Common Allegation of Fact

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

## A. Incident at Florida State Prison

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

**B. Move to Union Correctional Institution**

49.    Admitted that Plaintiff was transferred from Santa Rosa CI to Union CI on or about December 2, 2019.

50.    Admitted that corrections officers may transfer to different institutions for various reasons during their tenure with FDC, otherwise denied.

51.    Admitted that Defendant R. Brown worked at Union CI on or about December 18, 2019; otherwise denied.

52.    Denied.

53.    Denied.

54.    Without knowledge, therefore denied.

55.    Without knowledge, therefore denied.

56.    Without knowledge, therefore denied.

57.    Admitted that to comply with a strip search, an inmate undresses, turns around and squats and coughs to demonstrate that he does not have anything lodged in his rectum.

58.    Without knowledge, therefore denied.

59.    Denied.

60.    Denied.

61.    Admitted that inmates may sustain injuries during forced cell extractions, otherwise denied.

62.    Without knowledge, therefore denied.

63.    Admitted that camera operators should not video tape squat and coughs, otherwise denied.

64.    Without knowledge, therefore denied.

65.    Without knowledge, therefore denied.

66.    Without knowledge, therefore denied.

67.    Without knowledge, therefore denied.

68.    Without knowledge, therefore denied.

69.   Without knowledge, therefore denied.

70.   Without knowledge, therefore denied.

71.   Without knowledge, therefore denied.

72.   Without knowledge, therefore denied.

73.   Without knowledge, therefore denied.

74.   Without knowledge, therefore denied.

75.   Without knowledge, therefore denied.

76.   Denied.

77.   Without knowledge, therefore denied.

78.   Without knowledge, therefore denied.

79.   Without knowledge, therefore denied.

80.   Without knowledge, therefore denied.

81.   Without knowledge, therefore denied.

82.   Without knowledge, therefore denied.

83.   Without knowledge, therefore denied.

84.   Without knowledge, therefore denied.

85.   Without knowledge, therefore denied.

86.   Denied.

## **Causes of Action**

**I.**   **Violation of 42 U.S.C. § 1983 for First Amendment Retaliation**

Defendant R. Brown repeats his Answers in Paragraphs 1 through 86 above, as though fully set forth herein. This Count is not against Defendant R. Brown, therefore no response is required; however, to the extent that the allegations are construed against him, denied.

## II.   Violation of 42 U.S.C. § 1983 for Excessive Force

Defendant Brown repeats his Answers in Paragraphs 1 through 86 above, as though fully set forth herein. This Count is not against Defendant Brown, therefore no response is required; however, to the extent that the allegations are construed against him, denied.

## III.   Violation of 42 U.S.C. § 1983 for Supervisor Liability.

Defendant Brown repeats his Answers in Paragraphs 1 through 86 above, as though fully set forth herein. This Count is not against Defendant Brown, therefore no response is required; however, to the extent that the allegations are construed against him, denied.

## IV.   Violation of 42 U.S.C. § 1983 for Failure to Intervene

Defendant Brown repeats his Answers in Paragraphs 1 through 86 above, as though fully set forth herein.

97.    Denied.

98.   Denied.

99.   Denied.


**V.    Violation of 42 U.S.C. § 1983 for Failure to Protect**

Defendant Brown repeats his Answers in Paragraphs 1 through 86 above, as though fully set forth herein.

100.  Denied.

101.  Denied.

102.  Denied.


**VI.   Conspiracy to Violate Civil Rights under 42 U.S.C. § 1983**

Defendant Brown repeats his Answers in Paragraphs 1 through 86 above, as though fully set forth herein. This Count is not against Defendant Brown, therefore no response is required; however, to the extent that the allegations are construed against him, denied.

103.  Denied.

104.  Denied.

105.  Denied.

106.  Denied.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint and every cause of action therein has failed to state a claim upon which relief may be granted.

2. Plaintiff's Complaint, as filed, contains mere statements of opinion and conclusions, unsupported by specific facts and as such the Complaint fails to state a cause of action for which relief can be granted.

3. Plaintiff has failed to mitigate and lessen damages, if any he sustained, as required by law, and is barred from recovery by reason thereof against Defendant.

4. If the Plaintiff has mitigated his own alleged damages, the Defendant is entitled to an offset for this amount.

5. Any judgment for the Plaintiff against the Defendant is limited pursuant to Chapter 768, Florida Statutes.

6. Defendant cannot be held to be a part of conspiracy or co-conspiracies as they were employees acting within the scope of their employment with Florida Department of Corrections, and therefore cannot be found to be conspirators under the intra-corporate doctrine as all actions were taken on behalf of the same entity or corporate form.

7. To the extent Defendant was acting within the scope of their employment with the Florida Department of Corrections, Defendant is entitled to qualified immunity.

8. People or entities other than Defendant may have caused of contributed to the damages Plaintiff claims to have suffered, therefore any award made in favor of the Plaintiff in this case must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged in the Complaint.

9. To the extent that Plaintiff suffered injury as a result of the actions from some third party and/or conditions not under the control of Defendant, Plaintiff is barred from recovery, in whole or in part, against Defendant with respect to such injuries.

10. To the extent some or all of Plaintiff's claims are barred by the applicable statutes of limitation and/or are otherwise barred or preempted, Plaintiff is not entitled to recover with respect to such claims.

11. Plaintiff is an inmate currently in the custody of the Florida Department of Corrections and has failed to exhaust the administrative remedies available to him prior to initiating the present lawsuit, which requires dismissal pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

12. Because the Complaint only alleges conclusions of fact and law, the answering Defendant cannot fully anticipate all affirmative defenses and reserves the right to add to or amend these affirmative defenses as discovery proceeds or additional pleadings are filed.

**WHEREFORE**, Defendant Brown demands judgment in his favor and against the Plaintiff, plus costs and reasonable attorney's fees, and any further relief this Court deems proper.

Respectfully submitted,

*/s/ Lauren F. Strickland*
Lauren F. Strickland, Esq.
Florida Bar No. 0070781
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Telephone: (850) 877-7776
Email: Lauren@jsh-pa.com
*Attorney for Defendant R. Brown*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by CM/ECF on May 29, 2024.

*/s/ Lauren F. Strickland*
Lauren F. Strickland, Esq.