UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**GENARD DENEZ CHESTNUT,**

    **Plaintiff,**

v.                                           Case No. 3:23-cv-1478

**TONY ANDERSON, DAVID SNOW,
MICHAEL BROWN, STERLING PEUGH,
TRENT RULEVITCH, SIFOA ROBBINS,
WILLIE OLIVER, LYNDELL HAMPTON,
ROBERT PETRY, JOEL STARLING, and
ROBERT BROWN, individually,**

    **Defendants.**
_____/

## DEFENDANT MICHAEL BROWN'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant MICHAEL BROWN, by and through undersigned counsel, hereby files this Answer and Affirmative Defenses to Plaintiff's Complaint and states as follows:

### Jurisdiction And Venue

1. Admitted solely for purposes of jurisdiction, otherwise denied.

2. Admitted that the Middle District is a possible proper venue, otherwise denied.

3. Denied.

1

## **Parties**

4. Admitted that Plaintiff was an inmate in the custody of the Florida Department of Corrections (FDC) at the time of the alleged offense, December 18, 2019.

5. The allegations in this paragraph are not directed at Defendant Starling, thus no response is required. To the extent that these allegations may be construed against Defendant Starling, they are denied.

6. The allegations in this paragraph are not directed at Defendant Starling, thus no response is required. To the extent that these allegations may be construed against Defendant Starling, they are denied.

7. The allegations in this paragraph are not directed at Defendant Starling, thus no response is required. To the extent that these allegations may be construed against Defendant Starling, they are denied.

8. The allegations in this paragraph are not directed at Defendant Starling, thus no response is required. To the extent that these allegations may be construed against Defendant Starling, they are denied.

9. The allegations in this paragraph are not directed at Defendant Starling, thus no response is required. To the extent that these allegations may be construed against Defendant Starling, they are denied.

10. The allegations in this paragraph are not directed at Defendant Starling, thus no response is required. To the extent that these allegations may be construed against Defendant Starling, they are denied.

11. The allegations in this paragraph are not directed at Defendant Starling, thus no response is required. To the extent that these allegations may be construed against Defendant Starling, they are denied.

12. The allegations in this paragraph are not directed at Defendant Starling, thus no response is required. To the extent that these allegations may be construed against Defendant Starling, they are denied.

13. Admitted that Defendant Starling was employed by FDC as a corrections officer on or about December 18, 2019; otherwise denied.

14. Admitted.

15. The allegations in this paragraph are not directed at Defendant Starling, thus no response is required. To the extent that these allegations may be construed against Defendant Starling, they are denied.

16. Admitted.

## Common Allegation of Fact

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

### A. Incident at Florida State Prison

23. Without knowledge, therefore denied.

24. Without knowledge, therefore denied.

25. Without knowledge, therefore denied.

26. Without knowledge, therefore denied.

27. Without knowledge, therefore denied.

28. Without knowledge, therefore denied.

29. Without knowledge, therefore denied.

30. Without knowledge, therefore denied.

31. Without knowledge, therefore denied.

32. Without knowledge, therefore denied.

33. Without knowledge, therefore denied.

34. Without knowledge, therefore denied.

35. Without knowledge, therefore denied.

36. Without knowledge, therefore denied.

37. Without knowledge, therefore denied.

38. Without knowledge, therefore denied.

39. Without knowledge, therefore denied.

40. Without knowledge, therefore denied.

41. Without knowledge, therefore denied.

42. Without knowledge, therefore denied.

43. Without knowledge, therefore denied.

44. Without knowledge, therefore denied.

45. Without knowledge, therefore denied.

46. Without knowledge, therefore denied.

47. Without knowledge, therefore denied.

48. Without knowledge, therefore denied.

### B. Move to Union Correctional Institution

49. Admitted that Plaintiff was transferred from Santa Rosa CI to Union CI on or about December 2, 2019.

50. Admitted that corrections officers may transfer to different institutions for various reasons during their tenure with FDC, otherwise denied.

51. Without knowledge, therefore denied.

52. Without knowledge, therefore denied.

53. Without knowledge, therefore denied.

54. Admitted that on December 18, 2019, Plaintiff was housed in Union C.I., V-Dorm, Cell 4107, and was the subject of a use of chemical force, after disobeying

repeated orders to stop yelling obscenities at the staff and creating a disturbance in the dorm.

55. Admitted that Plaintiff was instructed to cuff up so he could be taken to a decontamination shower and he verbally indicated his intent to comply; otherwise denied.

56. Admitted that Plaintiff was required to submit to a strip search prior to being taken to a decontamination shower pursuant to FDC policy, otherwise denied.

57. Admitted that to comply with a strip search, an inmate undresses, turns around and squats and coughs to demonstrate that he does not have anything lodged in his rectum.

58. Without knowledge, therefore denied.

59. Denied.

60. Denied.

61. Admitted that inmates may sustain injuries during forced cell extractions, otherwise denied.

62. Denied.

63. Admitted that camera operators should not video tape squat and coughs, otherwise denied.

64. Denied.

65. Denied.

66. Denied.

67. Without knowledge, therefore denied.

68. Denied.

69. Admitted that Plaintiff continued to yell during the cell extraction as he had been doing for hours that morning, otherwise denied.

70. Denied.

71. Denied.

72. Admitted that Plaintiff sustained injuries during the cell extraction that was required due to his failure to comply with lawful orders of corrections staff, otherwise denied.

73. Admitted that Plaintiff sustained facial injuries during the cell extraction that was required due to his failure to comply with lawful orders of corrections staff, otherwise denied.

74. Without knowledge, therefore denied.

75. Without knowledge, therefore denied.

76. Denied.

77. Without knowledge, therefore denied.

78. Without knowledge, therefore denied.

79. The allegations in this paragraph are not directed at Defendant Starling, thus no response is required; to the extent these allegations may be construed against Defendant Starling, they are denied.

80. Without knowledge, therefore denied.

81. Without knowledge, therefore denied.

82. Without knowledge, therefore denied.

83. Without knowledge, therefore denied.

84. Without knowledge, therefore denied.

85. Without knowledge, therefore denied.

86. Without knowledge, therefore denied.

## Causes of Action

### I. Violation of 42 U.S.C. § 1983 for First Amendment Retaliation

Defendant Starling repeats his Answers in Paragraphs 1 through 86 above, as though fully set forth herein. This Count is not against Defendant Starling, therefore no response is required; however, to the extent that the allegations are construed against him, denied.

### II. Violation of 42 U.S.C. § 1983 for Excessive Force

Defendant Starling repeats his Answers in Paragraphs 1 through 86 above, as though fully set forth herein. This Count is not against Defendant Starling, therefore

no response is required; however, to the extent that the allegations are construed against him, denied.

### III. Violation of 42 U.S.C. § 1983 for Supervisor Liability.

Defendant Starling repeats his Answers in Paragraphs 1 through 86 above, as though fully set forth herein. This Count is not against Defendant Starling, therefore no response is required; however, to the extent that the allegations are construed against him, denied.

### IV. Violation of 42 U.S.C. § 1983 for Failure to Intervene

Defendant Starling repeats his Answers in Paragraphs 1 through 86 above, as though fully set forth herein.

97. Denied.

98. Denied.

99. Denied.

### V. Violation of 42 U.S.C. § 1983 for Failure to Protect

Defendant Starling repeats his Answers in Paragraphs 1 through 86 above, as though fully set forth herein.

100. Denied.

101. Denied.

102. Denied.

## VI.   Conspiracy to Violate Civil Rights under 42 U.S.C. § 1983

Defendant Starling repeats his Answers in Paragraphs 1 through 86 above, as though fully set forth herein.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint and every cause of action therein has failed to state a claim upon which relief may be granted.

2. Plaintiff's Complaint, as filed, contains mere statements of opinion and conclusions, unsupported by specific facts and as such the Complaint fails to state a cause of action for which relief can be granted.

3. Plaintiff has failed to mitigate and lessen damages, if any he sustained, as required by law, and is barred from recovery by reason thereof against Defendant.

4. If the Plaintiff has mitigated his own alleged damages, the Defendant is entitled to an offset for this amount.

5. Any judgment for the Plaintiff against the Defendant is limited pursuant to Chapter 768, Florida Statutes.

6. Defendant cannot be held to be a part of conspiracy or co-conspiracies as they were employees acting within the scope of their employment with Florida Department of Corrections, and therefore cannot be found to be conspirators under the intra-corporate doctrine as all actions were taken on behalf of the same entity or corporate form.

7. To the extent Defendant was acting within the scope of their employment with the Florida Department of Corrections, Defendant is entitled to qualified immunity.

8. People or entities other than Defendant may have caused of contributed to the damages Plaintiff claims to have suffered, therefore any award made in favor of the Plaintiff in this case must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged in the Complaint.

9. To the extent that Plaintiff suffered injury as a result of the actions from some third party and/or conditions not under the control of Defendant, Plaintiff is

barred from recovery, in whole or in part, against Defendant with respect to such injuries.

10. To the extent some or all of Plaintiff's claims are barred by the applicable statutes of limitation and/or are otherwise barred or preempted, Plaintiff is not entitled to recover with respect to such claims.

11. Plaintiff is an inmate currently in the custody of the Florida Department of Corrections and has failed to exhaust the administrative remedies available to him prior to initiating the present lawsuit, which requires dismissal pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

12. Because the Complaint only alleges conclusions of fact and law, the answering Defendant cannot fully anticipate all affirmative defenses and reserves the right to add to or amend these affirmative defenses as discovery proceeds or additional pleadings are filed.

**WHEREFORE**, Defendant Starling demands judgment in his favor and against the Plaintiff, plus costs and reasonable attorney's fees, and any further relief this Court deems proper.

Respectfully submitted,

*/s/ Lauren F. Strickland*
Lauren F. Strickland, Esq.
Florida Bar No. 0070781
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Telephone: (850) 877-7776
Email: Lauren@jsh-pa.com
*Attorney for Defendant Joel Starling*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by CM/ECF on May 29, 2024.

*/s/ Lauren F. Strickland*
Lauren F. Strickland, Esq.