UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GENARD DENEZ CHESTNUT,

     **Plaintiff,**

v.                                                                    **Case No. 3:23-cv-1478**

TONY ANDERSON, DAVID SNOW,
MICHAEL BROWN, STERLING PEUGH,
TRENT RULEVITCH, SIFOA ROBBINS,
WILLIE OLIVER, LYNDELL HAMPTON,
ROBERT PETRY, JOEL STARLING, and
ROBERT BROWN, individually,

     **Defendants.**

_____/

**DEFENDANT SIFOA ROBBINS'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW**

Defendant Sifoa Robbins, by and through his undersigned counsel, hereby

moves this Court to dismiss Plaintiff Genard Denez Chestnut's ("Plaintiff")

Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a cause of action

upon which relief can be granted. In support thereof, Defendant Robbins states as

follows:

**INTRODUCTION**

In his Complaint, Plaintiff brings the following claims against Defendant

Robbins:

1

- Count I – 42 U.S.C. § 1983 First Amendment Retaliation

- Count II – 42 U.S.C. § 1983 Excessive Force

- Count IV – 42 U.S.C. § 1983 Failure to Intervene

- Count V – 42 U.S.C. § 1983 Failure to Protect

- Count VI – 42 U.S.C. § 1983 Conspiracy to Violate Civil Rights

Plaintiff's Complaint is bereft of even a single factual allegation to support his claims against Defendant Robbins. Accordingly, all claims against Defendant Robbins must be dismissed.

## MEMORANDUM OF LAW

### I.   Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to be plausible, it must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Merely offering legal conclusions or a recitation of the legal elements of a cause of action are insufficient to state a claim. *Twombly*, 550 U.S. at 555. "While

legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Claims are plausible if a plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Using a "the-defendant-unlawfully-harmed-me" accusation is insufficient. *Iqbal*, 556 U.S. 662, 677. A complaint is also insufficient if it "tenders naked assertions devoid of further factual enhancement." *Id*. Finally, to survive a 12(b)(6) motion to dismiss, the complaint "must give the defendant fair notice of what the plaintiff's claim is *and the grounds upon which it rests*." *Randall v. Scott*, 610 F.3d 701, 705 (2010) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)) (internal quotations omitted) (emphasis added).

### II.  Plaintiff's Complaint is Bereft of Factual Allegations Against Defendant Robbins.

*Iqbal* has long required that plaintiffs include "sufficient factual matter" in their Complaints, and, further, that legal conclusions and allegations "must be supported by factual allegations." *Iqbal*, 556 U.S. 662. Here, Plaintiff's Complaint is, quite simply, barren of factual allegations against Defendant Robbins, rendering his claims to be nothing more than "naked assertions devoid of further factual enhancement." *Id*. The lack of factual allegations against Defendant Robbins

3

deprives him of the required fair notice of the claims against him and the grounds upon which they rest.

Although Defendant Robbins's name is very plainly included in the caption of this case, the parties and, of course the causes of action, Plaintiff's Complaint fails to allege even one single factual allegation against Defendant Robbins to support, much less substantiate, any of his claims. [ECF No. 1]. Remarkably, Plaintiff identifies Defendant Robbins in the caption and not again until the actual claims: **he is not even identified as a party.** Plaintiff alleges five (5) causes of action against him. The Plaintiff's failure to identify him as a party and further to not include a single factual allegation against him simply cannot be the grounds for *any* of the Plaintiff's five claims. Plaintiff has failed to meet even the most minimal pleading requirements, and the claims against him (Ct. 1: First Amendment Retaliation; Ct. 2: Excessive Force; Ct. 4: Failure to Intervene; Ct. 5: Failure to Protect, and Count 6: Conspiracy to Violate Civil Rights) must be dismissed for failure to state a claim upon which relief can be granted.

### III.   Intracorporate Conspiracy Doctrine

In addition to filing a Complaint that fails to state a claim, Plaintiff's claim that Defendant Robbins participated in a conspiracy to violate his civil rights is barred by the Intracorporate Conspiracy Doctrine, under which, "the employees of a corporation or government agency cannot form a conspiracy among themselves

because the organization and its employees are treated as a single legal actor."

*Nassar v. Fla. Dep't of Agric.*, 754 Fed. Appx. 903, 907 (11ᵗʰ Cir. 2018).

"[E]mployees cannot conspire among themselves when acting in the scope of their

employment, as their actions are attributed to the corporation itself, thereby negating

the multiplicity of actors necessary for the formation of a conspiracy." *Detris v.*

*Coats*, 523 F. App'x 612, 615 (11th Cir. 2013) (quoting *Grider v. City of Auburn*,

618 F.3d 1240, 1261 (11th Cir. 2010)) (internal quotations omitted). "[T]he

intracorporate conspiracy doctrine prohibits a § 1983 claim against law enforcement

officers in their individual capacities . . . as well as claims that do not seek to hold

the corporate entity itself responsible for its agents' actions." *Id.* (citing *Rehberg v.*

*Paulk*, 611 F.3d 828, 854 (11th Cir. 2010)); *See Davis v. Hall*, No. 2:21-cv-693 2022

U.S. Dist. LEXIS 132772 (M.D. Fla. July 26, 2022). "The doctrine prohibits

conspiracy claims when: (1) all defendants are employees of the same entity and (2)

the defendants are being sued for employment-related activities." *Gordan v. Carter*,

No. 3:15-cv-396 2019 U.S. Dist. LEXIS 224048 at *17-8 (N.D. Fla. Dec. 9, 2019).

"The reasoning behind the intracorporate conspiracy doctrine is that it is not possible

for a single legal entity consisting of the [agency] and its agents to conspire with

itself, just as it is not possible for an individual person to conspire with himself."

*Dickerson v. Alachua County Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000).

Plaintiff's Claim of a Conspiracy to Violate Civil Rights Count VI of Plaintiffs Complaint must fail pursuant to the intracorporate conspiracy doctrine prohibits a conspiracy claim against the Defendants. Each named Defendant is an employee of the same agency, the Florida Department of Corrections. All Defendants were performing their duties for the Florida Department of Corrections and are being sued for employment-related activities. Though the absence of factual allegations precludes a more direct analysis, any action by Defendant Robbins while on duty as a correctional officer was related to the scope of his employment. Since this allegation of conspiracy, a vague and conclusory one at best, occurred only within the Florida Department of Corrections and with Florida Department of Corrections employees, the intracorporate conspiracy doctrine bars the claims against all Defendants.

Therefore, Count VI against Defendant Robbins must be dismissed not only for failing to state a claim upon which relief can be granted, but also for failure to state a claim pursuant to the intracorporate conspiracy doctrine.

## CONCLUSION

WHEREFORE, Defendant, Sifoa Robbins, by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(6), respectfully requests this Court enter an order dismissing Counts I, II, IV, V, and VI against him.

Respectfully submitted,

*/s/ Lauren F. Strickland*
Lauren F. Strickland, Esq.
Florida Bar No. 0070781
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Telephone: (8
50) 877-7776
Email: Lauren@jsh-pa.com
*Attorney for Defendant Robbins*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), the undersigned certifies that counsel for Defendant Robbins conferred with counsel for the Plaintiff.  Counsel for the Plaintiff opposes this motion.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by CM/ECF on May 29, 2024.

*/s/ Lauren F. Strickland*
Lauren F. Strickland, Esq.