UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**GENARD DENEZ CHESTNUT,**

    **Plaintiff,**

v.     Case No. 3:23-cv-1478

**TONY ANDERSON, DAVID SNOW,
MICHAEL BROWN, STERLING PEUGH,
TRENT RULEVITCH, SIFOA ROBBINS,
WILLIE OLIVER, LYNDELL HAMPTON,
ROBERT PETRY, JOEL STARLING, and
ROBERT BROWN, individually,**

    **Defendants.**
_____/

### DEFENDANT'S MOTION FOR ENTRY OF HIPAA-QUALIFIED PROTECTIVE ORDER

Defendants, TONY ANDERSON, DAVID SNOW, MICHAEL BROWN, STERLING PEUGH, TRENT RULEVITCH, SIFOA ROBBINS, WILLIE OLIVER, LYNDELL HAMPTON, ROBERT PETRY, JOEL STARLING, and ROBERT BROWN, by and through undersigned counsel, move for entry of the attached HIPPA-Qualified Protective Order (HQPO) (Exhibit 1). In support thereof, Defendants states the following:

This case concerns Plaintiff, GENARD DENEZ CHESTNUT, an inmate who alleges he suffered emotional and physical injuries resulting from a use of force

1

incident by an extraction team of the Florida Department of Corrections (FDC) and the insufficient treatment from employees of Centurion of Florida, LLC (Centurion). Given these claims, reports that discuss injury or illness, that are material in the litigation may disclose "protected health information" (PHI). Defendants seek this order to prevent time consuming arguments based on rules implemented under the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

Defendant will seek access to records essentially as follows:

a. Records relating to medical conditions or injuries suffered by Plaintiff, and examination, care or accommodation for those conditions;

b. Other records relevant to claims or defenses in this case, including without limitation, audio and video recordings, photographs, communications, grievances, corrective actions, incident and investigation reports, and other records relating to examination, medical care, and accommodations.

## MEMORANDUM OF LAW

### A. The Protective Order Standard

The Court may issue a protective order "for good cause shown." Fed. R. Civ. P. 26(c). Although no absolute definition exists for "good cause," the phrase generally "signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). The party seeking a protective order has the burden to demonstrate good cause and must make "a

particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" supporting the need for a protective order. *U.S. v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). A protective order does not depend on legal privilege. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985).

The Court has broad discretion in using protective orders to limit the means and scope of discovery. *In re Alexander Grant*, 820 F.2d at 357 (11th Cir. 1987). Once good cause is shown, a court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). In the Eleventh Circuit, district courts are required to balance the interests of those requesting the order. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545 (11th Cir. 1985).

### B. Entry of an HQPO is Appropriate

HIPAA provides for the promulgation of privacy regulations (the HIPAA Privacy Rule). The definition of Protected Health Information (PHI) is broad: "Protected health information means individually identifiable health information" which is transmitted or maintained in electronic media or in any other form or medium, with certain limited exceptions relating to employment or education and to persons who have been dead more than 50 years. 45 C.F.R. § 160.103.

The regulations that govern disclosure of PHI provide that a covered entity may also disclose PHI in the course of any judicial or administrative proceeding in response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order. 45 C.F.R. 164.512(e). These types of protective orders can be used by Courts to make material evidence available in litigation.

Under HIPAA a "covered entity" cannot share protected information that includes the identity of the patient unless the individual has consented. However, the Act provides protocols for research and use as evidence in administrative and judicial proceedings. The protocol requires that the information only be used for the limited purposes of the research or litigation, is defined in scope, is not placed in the public domain (unless admitted as evidence by the Court) and is destroyed at the conclusion of the litigation. *Id*.

Defendant has identified specific classes of documents above and in the proposed HQPO which is normally heavily redacted by FDC and contains PHI that has the potential to contain material evidence necessary for litigation. Moreover, the course of discovery may lead the parties to documents or evidence that would be material to the claims or defenses in this case but may not be specifically enumerated in the HQPO. Therefore, a catchall provision would promote judicial efficiency and

limit the need to modify the HQPO should new material evidence containing PHI come to light.

**WHEREFORE**, Defendants request that this Court grant this motion for entry of the attached HIPAA-Qualified Protective Order.

Respectfully submitted,

*/s/ Lauren F. Strickland*
Lauren F. Strickland, Esq.
Florida Bar No. 0070781
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Telephone: (850) 877-7776
Email: Lauren@jsh-pa.com
*Attorney for Defendants*

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), the undersigned certifies that counsel for Defendants conferred with counsel for the Plaintiff. Counsel for the Plaintiff consents to the terms of this motion.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of foregoing has been served on all counsel of record by CM/ECF on June 26, 2024.

*/s/ Lauren F. Strickland*
Lauren F. Strickland, Esq.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**GENARD DENEZ CHESTNUT,**

    **Plaintiff,**

v.                                                                           Case No. 3:23-cv-1478

**TONY ANDERSON, DAVID SNOW,**
**MICHAEL BROWN, STERLING PEUGH,**
**TRENT RULEVITCH, SIFOA ROBBINS,**
**WILLIE OLIVER, LYNDELL HAMPTON,**
**ROBERT PETRY, JOEL STARLING, and**
**ROBERT BROWN, individually,**

    **Defendants.**
_____/

## HIPAA-QUALIFIED PROTECTIVE ORDER

**THIS CAUSE** having come before the Court on Defendant's Motion for Entry of a HIPAA-Qualified Protective Order to facilitate the exchange, disclosure of, and use at trial of Protected Health Information, which may be incidental to the litigation. The parties are engaged in discovery in a federal case that includes information about injuries, illness, or treatment, that may appear in Florida Department of Corrections (FDC) records maintained in medical and non-medical files. The Court being advised in the premises, it is hereby,

**ORDERED AND ADJUDGED:**

1

1. In accordance with the requirements of regulations promulgated under the Health Insurance Portability and Accountability Act of 1996, including 45 C.F.R. § 164.512(e)(1)(ii)(B) and § 164.512(e)(1)(v), the Court hereby enters a HIPAA-Qualified Protective Order, as that term is defined in the foregoing regulations.

2. For purposes of this Order, the term "Protected Health Information" or "PHI" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of health care to an individual, or (c) the payment for the provision of health care to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. This order shall apply to all "covered entities" as defined by 45 C.F.R. § 160.103, all health care providers involved with health care at institutions operated by or for FDC, and all employees or agents of FDC who create or maintain corrections records dealing with injuries or treatment, or any other state agencies that create or maintain records incidental to their investigations and reports relating to FDC.

4. Entities subject to this Order are hereby authorized to disclose PHI without redaction to counsel for parties to this action (including their agents and employees) without violating the provisions of HIPAA for the following records:

   a. Records relating to medical conditions or disabilities suffered by Plaintiff, Genard Denez Chestnut, and any medical care for those conditions, including without limitation, records pertaining to any investigations into physical injuries;

   b. Records relating to mental health conditions of Plaintiff, Genard Denez Chestnut,

   c. Records relating to injuries suffered by any other prisoner, if any, in the course of the same episode as the injuries to Plaintiff and any medical care for those injuries,

   d. Records relating to injuries suffered by corrections officers, if any, in the course of the same episode as the injuries to Plaintiff, and any medical care for those injuries;

   e. Other records material to claims or defenses that are deemed to contain PHI.

To the extent that these records and materials, together with the parties' own further investigation, suggest further productive avenues of discovery, any party can seek on a showing of good cause, to apply the protections of this Order to other

categories of records and information. The parties may not assert a discovery objection based on the fact that the documents or information sought contain PHI protected by HIPAA, unless the PHI falls outside the scope of this Order. Before disclosing documents with PHI, a party shall mark any file containing PHI information with the following: "Protected Health Information Subject to HIPAA-Qualified Protective Order."

  5. Pursuant to 45 C.F.R. § 164.512(e)(1)(v)(A), the parties and their attorneys shall be allowed to use or disclose PHI for this litigation, and any appeals, settlement, enforcement, or monitoring that may result. This includes disclosure to the presiding Judge and the Judge's support staff, the parties and the parties' employees, their attorneys of record, the attorneys' firms (*i.e.*, attorneys and support staff), the parties' insurers, experts, consultants, mediators, court reporters, videographers, and copy services. The parties may also disclose to a current or former prisoner his or her own PHI. The parties and their attorneys may not use the PHI for any other purpose.

  6. If a party wishes to file PHI with the Court, it must be submitted with a motion for filing under seal. However, any party may file a pleading or document with the Court that describes, summarizes, quotes, or contains PHI as long as information identifying the PHI subject is redacted with an unredacted copy to the opposing parties. Unredacted documents containing PHI should be so identified and,

4

if filed with the Court, be submitted with a motion to seal. If a party moves a record containing PHI into evidence as part of the record, the Court shall appropriately instruct the Clerk on how to handle such documents.

7. Prior to disclosing PHI to persons involved in this action, the parties and their attorneys shall take reasonable steps to ensure that such persons do not use or disclose the PHI for any purpose other than this litigation. This shall include, but not be limited to, informing each such person that the PHI may not be used or disclosed for any purpose other than this litigation.

8. Pursuant to 45 C.F.R. § 164.512(e)(1)(v)(B), within 60 days from the conclusion of these proceedings, any recipient of PHI under this Order shall either return the PHI to the covered entity that provided it or destroy the PHI (including all copies made). For purposes of this Order, the conclusion of these proceedings shall mean the point at which this litigation is fully concluded, including by settlement or final order by the trial court ending the case, the conclusion of any appeals and proceedings on remand, the expiration of time for any party to seek further appellate review, or whenever a period of enforcement, determined by a settlement agreement or court order, terminates.

9. This Order does not control or limit the use of PHI that was received by means other than through this Order (for example, through consent of the individual or through a public records request).

10. If any party learns that, by inadvertence or otherwise, PHI has been disclosed to any person or in any circumstance not authorized under this Order, the party must, not later than 14 calendar days after learning of the disclosure, (a) notify in writing the other parties of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Health Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

11. Nothing in this Order shall be deemed to prevent any party from seeking leave of Court to obtain a modification of this Order to include other categories of PHI subject to disclosure without redaction.

**DONE and ORDERED** on this _____ day of _____, 2024.

_____
United States District Judge