UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GENARD DENEZ CHESTNUT,

    Plaintiff,

v.                                             Case No. 3:23-cv-1478

TONY ANDERSON, DAVID SNOW,
MICHAEL BROWN, STERLING PEUGH,
TRENT RULEVITCH, SIFOA ROBBINS,
WILLIE OLIVER, LYNDELL HAMPTON,
ROBERT PETRY, JOEL STARLING, and
ROBERT BROWN, individually,

    Defendants.
_____/

**DEFENDANT TONY ANDERSON'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND MEMORANDUM OF LAW**

Defendant, TONY ANDERSON, by and through his undersigned counsel, hereby moves this Court to dismiss Plaintiff Genard Denez Chestnut's ("Plaintiff") Amended Complaint [ECF Doc. 44] pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a cause of action upon which relief can be granted. In support thereof, Defendant Anderson states as follows:

**INTRODUCTION**

In his Amended Complaint, Plaintiff brings the following claim against Defendant Anderson:

1

- Count VI – 42 U.S.C. § 1983 Conspiracy to Violate Civil Rights

The cause of action for conspiracy against Defendant Anderson must fail pursuant to the intra-corporate conspiracy doctrine.

## MEMORANDUM OF LAW

### I. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to be plausible, it must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Merely offering legal conclusions or a recitation of the legal elements of a cause of action are insufficient to state a claim. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Claims are plausible if a plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Using a "the-defendant-unlawfully-harmed-me" accusation is insufficient. *Iqbal*, 556 U.S. 662,

677. A complaint is also insufficient if it "tenders naked assertions devoid of further factual enhancement." *Id*. Finally, to survive a 12(b)(6) motion to dismiss, the complaint "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Randall v. Scott*, 610 F.3d 701, 705 (2010) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)) (internal quotations omitted).

### A. Counts VI: Conspiracy to Violate Civil Rights

#### a. Intracorporate Conspiracy Doctrine

"[U]nder the intracorporate conspiracy doctrine, the employees of a corporation or government agency cannot form a conspiracy among themselves because the organization and its employees are treated as a single legal actor." *Nassar v. Fla. Dep't of Agric.*, 754 Fed. Appx. 903, 907 (11th Cir. 2018). "[E]mployees cannot conspire among themselves when acting in the scope of their employment, as their actions are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." *Detris v. Coats*, 523 F. App'x 612, 615 (11th Cir. 2013) (quoting *Grider v. City of Auburn*, 618 F.3d 1240, 1261 (11th Cir. 2010)) (internal quotations omitted). [T]he intracorporate conspiracy doctrine prohibits a § 1983 claim against law enforcement officers in their individual capacities . . . as well as claims that do not seek to hold the corporate entity itself responsible for its agents' actions." *Id.* (citing *Rehberg v. Paulk*, 611 F.3d 828, 854 (11th Cir. 2010)); *Davis v. Hall*, No. 2:21-cv-693 2022

U.S. Dist. LEXIS 132772 at *24 (M.D. Fla. July 26, 2022). "The doctrine prohibits conspiracy claims when: (1) all defendants are employees of the same entity and (2) the defendants are being sued for employment-related activities." *Gordan v. Carter*, No. 3:15-cv-396, 2019 U.S. Dist. LEXIS 224048 at *17-8 (N.D. Fla. Dec. 9, 2019). "The reasoning behind the intracorporate conspiracy doctrine is that it is not possible for a single legal entity consisting of the [agency] and its agents to conspire with itself, just as it is not possible for an individual person to conspire with himself." *Dickerson v. Alachua County Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000). "It is axiomatic that the employees of the FDOC constitute a single legal entity that cannot conspire with itself." *Morrison v. Jones*, No. 3:15-cv-588 2017 U.S. Dist. LEXIS 148821 at *11 (M.D. Fla., Sept. 14, 2017) (citing *Dickerson v. Alachua Cnty. Comm'n.*, 200 F.3d 761, 768 (11th Cir 2000)).

Here, it is undeniable that Defendant Anderson was acting within the scope of his employment with FDC when responding to the reports from Colonel Lindsey regarding the use of force against Plaintiff in response to his disturbance and misconduct. Defendant Anderson made a discretionary decision when reviewing the use of force report and deciding not to investigate the matter further, which clearly constitutes an employment related activity. It is FDC policy that these determinations are made by the Warden on duty, which was Defendant Anderson on December 2, 2019. While acting on behalf of FDC through his position and

employment, Defendant Anderson cannot be held to have conspired with other FDC employees, as that would be accusing FDC, a single entity, of conspiring with itself. The intra-corporate conspiracy doctrine makes it impossible and impermissible to bring a cause of action for conspiracy against Defendant Anderson for the actions he took that are the subject matter of this case, as the actions are attributed to the agency itself.

Therefore, the cause of action for conspiracy brought against Defendant Anderson for conspiracy fails and must be dismissed.

## CONCLUSION

WHEREFORE, Defendant, TONY ANDERSON, by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(6), respectfully requests this Court enter an order dismissing Count VI of the Amended Complaint as brought against him.

Respectfully submitted,

*/s/ Lauren F. Strickland*
Lauren F. Strickland, Esq.
Florida Bar No. 0070781
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Telephone: (850) 877-7776
Email: Lauren@jsh-pa.com
*Attorney for Tony Anderson*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), the undersigned certifies that counsel for Tony Anderson conferred with counsel for the Plaintiff. Counsel for Defendant has contacted Counsel for the Plaintiff but has not yet received a response and will update the Court accordingly.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by CM/ECF on July 1, 2024.

*/s/ Lauren F. Strickland*
Lauren F. Strickland, Esq.