## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**GENARD DENEZ CHESTNUT,**

     **Plaintiff,**

**v.**                                                        **Case No. 3:23-cv-1478**

**TONY ANDERSON, DAVID SNOW,**
**MICHAEL BROWN, STERLING PEUGH,**
**TRENT RULEVITCH, SIFOA ROBBINS,**
**WILLIE OLIVER, LYNDELL HAMPTON,**
**ROBERT PETRY, JOEL STARLING, and**
**ROBERT BROWN, individually,**

     **Defendants.**

_____/

## <u>DEFENDANT DAVID SNOW'S AMENDED MOTION TO DISMISS</u>
## <u>PLAINTIFF'S AMENDED COMPLAINT AND MEMORANDUM OF LAW</u>

Defendant, DAVID SNOW, by and through his undersigned counsel, hereby files this Amended Motion to Dismiss Plaintiff Genard Denez Chestnut's ("Plaintiff") Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(A) and 12(b)(6) for failure to state a cause of action upon which relief can be granted. In support thereof, Defendant Snow states as follows:

## <u>INTRODUCTION</u>

In his Amended Complaint, Plaintiff brings the following claims against David Snow:

1

- Count VI – 42 U.S.C. § 1983 Conspiracy to Violate Civil Rights

Defendant Snow has never worked as an Emergency Action Center ("EAC") Duty Officer as the Common Allegations of Facts section alleges. (See Exhibit A – Affidavit of David Snow).

## MEMORANDUM OF LAW

### I.   Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to be plausible, it must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Merely offering legal conclusions or a recitation of the legal elements of a cause of action are insufficient to state a claim. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Claims are plausible if a plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Using a "the-

2

defendant-unlawfully-harmed-me" accusation is insufficient. *Iqbal*, 556 U.S. 662, 677. A complaint is also insufficient if it "tenders naked assertions devoid of further factual enhancement." *Id*. Finally, to survive a 12(b)(6) motion to dismiss, the complaint "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Randall v. Scott*, 610 F.3d 701, 705 (2010) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)) (internal quotations omitted).

### A. Counts VI: Conspiracy to Violate Civil Rights

#### a. Misidentification of Defendant.

Defendant Snow is a corrections officer who has been assigned to Hardee CI for the duration of his employment with FDC. [See Exhibit A, ¶ 2]. On December 18, 2019, Defendant Snow was an assigned Laundry Duty Officer at Hardee Correctional Institution. [*Id.*, at ¶ 7]. He has been to FSP one (1) time for an inmate transfer, when he did enter the secure compound, and he has been to Union CI one (1) time to get gas, and he did not enter the secure compound. [*Id.*, at ¶ 6]. Moreover, Defendant Snow has never been assigned to the EAC as a Duty Officer, nor has he so much as called the EAC during his employment at FDC. [*Id.*, at ¶8]. Defendant Snow has never met nor encountered the Plaintiff. [*Id.*, at ¶9]. It is undeniable that Plaintiff has identified the wrong individual in this matter.

Therefore, Count VI against Defendant David Snow must be dismissed, as Plaintiff has failed to state a plausible claim upon which relief can be granted.

### b. Intracorporate Conspiracy Doctrine

"[U]nder the intracorporate conspiracy doctrine, the employees of a corporation or government agency cannot form a conspiracy among themselves because the organization and its employees are treated as a single legal actor." *Nassar v. Fla. Dep't of Agric.*, 754 Fed. Appx. 903, 907 (11ᵗʰ Cir. 2018). "[E]mployees cannot conspire among themselves when acting in the scope of their employment, as their actions are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." *Detris v. Coats*, 523 F. App'x 612, 615 (11th Cir. 2013) (quoting *Grider v. City of Auburn*, 618 F.3d 1240, 1261 (11th Cir. 2010)) (internal quotations omitted). [T]he intracorporate conspiracy doctrine prohibits a § 1983 claim against law enforcement officers in their individual capacities . . . as well as claims that do not seek to hold the corporate entity itself responsible for its agents' actions." *Id.* (citing *Rehberg v. Paulk*, 611 F.3d 828, 854 (11th Cir. 2010)); *Davis v. Hall*, No. 2:21-cv-693 2022 U.S. Dist. LEXIS 132772 at *24 (M.D. Fla. July 26, 2022). "The doctrine prohibits conspiracy claims when: (1) all defendants are employees of the same entity and (2) the defendants are being sued for employment-related activities." *Gordan v. Carter*, No. 3:15-cv-396, 2019 U.S. Dist. LEXIS 224048 at *17-8 (N.D. Fla. Dec. 9, 2019). "The reasoning behind the intracorporate conspiracy doctrine is that it is not possible for a single legal entity consisting of the [agency] and its agents to conspire with

itself, just as it is not possible for an individual person to conspire with himself." *Dickerson v. Alachua County Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000). "It is axiomatic that the employees of the FDOC constitute a single legal entity that cannot conspire with itself." *Morrison v. Jones*, No. 3:15-cv-588 2017 U.S. Dist. LEXIS 148821 at *11 (M.D. Fla., Sept. 14, 2017) (citing *Dickerson v. Alachua Cnty. Comm'n.*, 200 F.3d 761, 768 (11th Cir 2000)).

Even assuming for a moment that Defendant Snow had worked as an EAC Duty Officer at Union C.I.[1], he could not be held liable under a conspiracy claim due to the intracorporate conspiracy doctrine. All Defendants were Florida Department of Corrections employees acting within the scope of their employment in response to the disturbance Plaintiff was creating and the use of force that resulted from that disturbance. That said, it is again stated that Defendant Snow was not employed at Union C.I.

Therefore, Count VI against Defendant Snow must be dismissed for failure to state a claim.

## **CONCLUSION**

WHEREFORE, Defendant, David Snow, by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(6), respectfully requests this

---

[1] This should not be misconstrued as an admission, but rather a hypothetical. Defendant Snow has never worked as an EAC Duty Officer at Union C.I. At the relevant time period of this case, Defendant Snow was a Laundry Duty Officer at Hardee C.I.

Court enter an order dismissing Count VI of the Amended Complaint as brought against him.

Respectfully submitted,

*/s/ Lauren F. Strickland*
Lauren F. Strickland, Esq.
Florida Bar No. 0070781
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Telephone: (850) 877-7776
Email: Lauren@jsh-pa.com
*Attorney for Defendant Snow*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), the undersigned certifies that counsel for David Snow conferred with counsel for the Plaintiff.  Counsel for Defendant attempted to confer with Plaintiff's counsel but has not received a response and will update the Court accordingly.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by CM/ECF on July 16, 2024.

*/s/ Lauren F. Strickland*
Lauren F. Strickland, Esq.

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**GENARD DENEZ CHESTNUT,**

     **Plaintiff,**

v.                                                                    Case No. 3:23-cv-1478

**TONY ANDERSON, DAVID SNOW,**
**MICHAEL BROWN, STERLING PEUGH,**
**TRENT RULEVITCH, SIFOA ROBBINS,**
**WILLIE OLIVER, LYNDELL HAMPTON,**
**ROBERT PETRY, JOEL STARLING, and**
**ROBERT BROWN, individually,**

     **Defendants.**

_____/

## AFFIDAVIT OF DAVID SNOW

STATE OF FLORIDA
COUNTY OF ____HARDEE____

**BEFORE ME, personally appeared David Snow, who, after taking an oath, states the**
**following on his own personal knowledge:**

1. I am over eighteen (18) years old, competent to testify in a court of law and have personal knowledge of the facts stated herein.

2. I am currently employed by the Florida Department of Corrections (FDC) as a Corrections Officer, and I have held this position since October 25, 2013. For the entirety of my employment with FDC, I have been assigned to Hardee Correctional Institution (Hardee CI).

3. On March 6, 2024, I was served a summons notifying me that the Plaintiff and his counsel had identified me as a Defendant in the instant matter. To say I was surprised would be an understatement, and I believe that I have been wrongly identified as a Defendant in this matter.

4. Hardee CI is located in Hardee County, FL, over 200 miles southwest of Union County, Florida, where both Florida State Prison and Union Correctional Institution (Union CI) are located.

**EXHIBIT A**

5. I have been to Florida State Prison one (1) time to transport an inmate from Hardee CI; I did enter the secure compound at that time for the sole purpose of the inmate transfer.

6. I have been to Union CI one (1) time as well, but I did not enter the secure compound as I was simply refueling my FDC vehicle to return to Hardee CI.

7. At the time of the events alleged in the Plaintiff's Complaint, I was assigned to a Laundry Duty Officer post at Hardee CI.

8. I am familiar with the Emergency Action Center (EAC), but I have never been assigned the EAC duty officer, worked at or for EAC in any capacity, nor have I even called the EAC during the tenure of my employment with FDC.

9. To the best of my knowledge, I do not know nor have I ever encountered the Plaintiff, Genard Denez Chestnut.

FURTHER AFFIANT SAYETH NAUGHT.

Dated this _29_ day of May 2024

David  Snow,  _____  at  Hardee  C.I.

The foregoing instrument was sworn to and subscribed before me this _29_ day of May 2024, by David  Snow,  who  is  personally  known  to  me  or  has  produced  _Florida D/L_  as identification.

PAUL F. SABATIER-SMITH
Notary Public-State of Florida
Commission # HH 226355
My Commission Expires
March 21, 2026

NOTARY PUBLIC

My Commission Expires: _MARCH 21, 2026_

**EXHIBIT A**