**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| GENARD DENEZ CHESTNUT,<br><br>    Plaintiff,<br><br>v.<br><br>TONY ANDERSON, DAVID SNOW, MICHAEL BROWN, STERLING PEUGH, TRENT RULEVITCH, SIFOA ROBBINS, WILLIE OLIVER, LYNDELL HAMPTON, ROBERT PETRY, JOEL STARLING, ROBERT BROWN, individually,<br><br>    Defendants. | Case No. 3:23-cv-01478-WWB-JBT |

**PLAINTIFF'S CONSOLIDATED RESPONSE TO DEFENDANT SNOW AND ANDERSON'S MOTIONS TO DISMISS (ECF 57 & 61)**

Plaintiff GENARD DENEZ CHESTNUT, through counsel, responds to the Motion to Dismiss by Defendants Snow and Anderson, and states:

1.    Defendant Anderson wrongly contends that Plaintiff's Count VI (Conspiracy) must be dismissed as barred by the Intracorporate Conspiracy Doctrine. For the reasons explained below, that doctrine is inapplicable here.

2.    Defendant Snow alleges he did not work at Plaintiff's institution at the time of the events; Plaintiff apparently served the wrong Snow. As explained below, Plaintiff concedes that he has served the wrong Snow, and therefore service should be quashed against him.

1

Plaintiff will note that Snow's counsel wrote the following after 7 p.m. before filing the motion to dismiss: "If I had to guess, I would say you object" to a motion by Snow, but without explaining the basis. Had Defendant Snow meaningfully conferred under Local Rule 3.01(g), he could have saved Plaintiff and the Court wasted time in responding to this rather than agreeing to quash service for the wrong Snow.

## MEMORANDUM OF LAW

"Under the intracorporate conspiracy doctrine, a corporation's employees, acting as agents of the corporation, are deemed incapable of conspiring among themselves or with the corporation." *Dickerson v. Alachua Cnty. Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000). "This doctrine stems from basic agency principles that attribute the acts of agents of a corporation to the corporation, so that all of their acts are considered to be those of a single legal actor." *Id*.

### A. The Intracorporate Conspiracy Doctrine Does Not Apply

The Intracorporate Conspiracy Doctrine has been held not to apply to criminal behavior – whether it appears in a criminal or civil case. In one such civil case, the Eleventh Circuit held as follows:

> Accordingly, we hold that just as the intracorporate conspiracy doctrine cannot shield a criminal conspiracy from prosecution under the federal criminal code, the doctrine cannot shield the same conspiracy, alleging the same criminal wrongdoing, from civil liability

2

arising under 42 U.S.C. § 1985(2). Therefore, we reverse the district court's order dismissing McAndrew's § 1985(2) claim as barred by the intracorporate conspiracy doctrine and remand for further proceedings consistent with this opinion.

*McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1034 (11th Cir. 2000).

At this stage of the proceedings it cannot be said that a jury could not reasonably find the facts of this case cross the line into the realm of criminal enterprise. There is evidence that Defendants engaged in acts that would be considered criminal. After reviewing the video, Col. Jeffrey Lindsey witnessed injuries he considered consistent with Plaintiff's audible cries that he was being beaten with handcuffs and witnessed injuries that appeared to be consistent with excessive force. (ECF 44 at ¶¶ 55, 68-71).

In *Dickerson*, cited above and cited by Defendant Anderson, the court specifically found that the case did not involve any persons other than jail staff and did not involve criminal conduct. 200 F.3d at 768.

Moreover, the conspirators were not merely employees of the Florida Department of Corrections but also at least one employee of their health care contractor – a separate company called Centurion Health. Michael Collins, the ARNP who examined Chestnut observed numerous gashes on Chestnut's face that had to be caused by sharp, hard objects. (Id. at ¶ 63).

Collins was not an FDC employee but an Employee of Centurion; he had a different corporate structure, a different mission, and a different chain

3

of command. Like the others, Collins, faced with evidence of abuse, failed to report it. But even if all defendants in this case were considered "agents" of FDC, other exceptions to the doctrine also apply.

Specifically, Defendant Anderson can be liable for conspiracy to violate Mr. Chestnut's Eighth Amendment rights because (1) he furthered a criminal conspiracy outside the scope of his employment; (2) he had a "personal stake" in ensuring that the truth about what happened to Mr. Chestnut was never uncovered; and (3) the conspiracy consisted of a series of acts to violate the Eighth Amendment as opposed to a single act. *Metcalf v. Eckerd Youth Alternatives*, No. 8:11-cv-566-T-30EAJ, at *10 (M.D. Fla. Aug. 11, 2011) (intracorporate conspiracy doctrine does not apply when agents act outside the scope of their employment, have an independent personal stake in the corporate action, or engage in a series of acts as opposed to a single action).

First, as noted, the doctrine does not protect criminal behavior. In *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031 (11th Cir. 2000), the Eleventh Circuit held that "just as the intracorporate conspiracy doctrine cannot shield a criminal conspiracy from prosecution under the federal criminal code, the doctrine cannot shield the same conspiracy, alleging the same criminal wrongdoing, from civil liability. . . ." *Id*. at 1034. To the extent

4

that the beating was a punishment for past filing of grievances or lawsuits, it was also a warning not to file grievances or lawsuits in the future. (ECF 44, ¶ 74-75). See *McAndrew*, 206 F.3d at 1039 (conspiracy to threaten or prevent a person from testifying amounts to criminal activity).

Second, each of the defendants had a "personal stake" in covering up the conspiracy because the truth would risk their employment status (either for participating in the use of force on Mr. Chestnut or for violating the sacrosanct blue code of silence) and place them in jeopardy of criminal prosecution under federal and state law. See *Jordan v. Randolph County Schools*, No. 4:08-CV-131 (CDL), 2009 WL 1410082 (M.D. Ga. May 19, 2009) (allegations that defendants failed to supervise teachers who they knew posed a risk to students, failed to investigate claims of sexual assault, and covered up claims of sexual harassment, were sufficient to show a "personal stake" of self-preservation).

And third, the conspiracy alleged in the operative complaint is supported by a host of factual allegations showing a series of wrongful acts participated in by a number of the defendants.[1] As noted above, the

---

[1] "A civil conspiracy requires: (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." [ ] Each coconspirator need not act to further a conspiracy; each need only know of the scheme and assist in it in some way to be held responsible for all of the acts of his

5

Eleventh Circuit has neither accepted nor rejected the series of wrongful acts doctrine. *Dickerson v. Alachua County Com'n*, 200 F.3d 761, 770 (11th Cir. 2000) (quoting *Stathos v. Bowden*, 728 F.2d 15, 21 (1st Cir. 1984) (Breyer, J.)) (declining to decide whether the series of wrongful acts doctrine should apply). In *Dickerson* the court did not reach the question of the exception's application because it concluded the facts of that case would not support its application even if accepted. 200 F.3d at 770. When the issue arose again in 2010, the court did not reach a conclusion. See *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1263 (11th Cir. 2010).

Although some district courts in this Circuit have declined to recognize the exception, Plaintiff would argue that it should apply here. See, e.g., *Steffens v. Nocco,* No. 819CV01940, 2021 WL 1020967, at *4 (M.D. Fla. Mar. 17, 2021) ("Viewing this as a matter of first impression within the Eleventh Circuit, this Court will not apply the 'series of acts' exception."); *Jackman v. 20th Jud. Cir. Ct. Admin.*, No. 219CV828, 2020 WL 6321921, at *3 (M.D. Fla. Oct. 28, 2020) (observing that "the series of discriminatory acts exception has apparently never been adopted by any court within this Circuit" and "join[ing] the other in-Circuit district courts that

---

coconspirators." Charles v. Fla. Foreclosure Placement Ctr., LLC, 988 So. 2d 1157, 1159-60 (Fla. 3d DCA 2008)(internal quotations and citations omitted)(collecting cases).

Latell v. Triano, Case No: 2:13-cv-565-FtM-29CM, at *16 (M.D. Fla. Nov. 13, 2014)

6

refuse to adopt the series of discriminatory acts exception with no indication it should apply"). The intracorporate conspiracy doctrine should not apply here because, *inter alia*, these defendants engaged in a series of wrongful acts over a course of time to cover their tracks.

### B. The Conspiracy Claim Is Sufficiently Pleaded

Conspiring to violate another person's constitutional rights violates section 1983. *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S.Ct. 183, 186 (1980); *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988), overruled in part on other grounds by *Whiting v. Traylor*, 85 F.3d 581, 584 n. 4 (11th Cir. 1996). Anderson claims he was simply performing his job when he decided not to refer for investigation the concerns of 27-year veteran Col. Jeffery Lindsey, after reviewing video, that there appeared to have been excessive force by the Forced Cell Extraction Team. (ECF 44 at ¶¶ 55, 68-71).

While the others used excessive force, employed threats and withheld evidence of abuse, Warden Anderson was also acting in the furtherance of their unlawful goals by failing to refer the matter for investigation. Plaintiff gives plausible facts as to how these defendants were not merely performing their jobs when it came to the violation of Mr. Chestnut's constitutional rights. Mr. Chestnut claims and pleads facts to show that these defendants all agreed to misrepresent events to cover up

their misdeeds, coordinate their accounts and fail to investigate a complaint by a seasoned 27-year senior officer that indicated serious, and arguably criminal, officer misconduct.

At this stage, all Plaintiff must show is that Anderson and the other defendants reached an understanding, demonstrated by their acts, to violate Mr. Chestnut's rights with a plausible factual predicate. *Strength*, 854 F.2d at 425 (quotation omitted). Whether Plaintiff will show sufficient "evidence" of this agreement beyond his assertions and the implicit facts supporting agreement — that the defendants adopted a common method for punishing and threatening Mr. Chestnut and covering up the facts is a question for a later stage. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283-84 (11th Cir. 2002) (determining the sufficiency of evidence at summary judgment). Plaintiff has plausibly stated a claim for conspiracy.

### C. Motion to Dismiss as to David Snow

Plaintiff concedes that David Snow was the wrong Snow. Plaintiff lacked a first name and apparently the Snow listed as a Department of Corrections employee on the State of Florida's employee website is not the Snow involved in this matter. As noted above, Defendant Snow, in his conferral, did not say he did not work at the Plaintiff's facility at the time—or anything substantive that could have resolved this matter. Plaintiff asks that

rather than grant Snow's motion, the Court quash service as to him.

WHEREFORE, Plaintiff asks this Honorable Court to DENY the Motion as to Defendant Anderson and DENY the Motion as to Defendant Snow, but quash service as to him.

Respectfully Submitted,   *s/James V. Cook*
James V. Cook, Esq., FBN 0966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 222-8080; 850 561-0836 fax
cookjv@gmail.com

*/s/ James M. Slater*
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
Tel. (305) 523-9023
james@slater.legal

ATTORNEYS FOR PLAINTIFF

I CERTIFY the foregoing was filed electronically on 7/18/24 and served on all counsel registered with the CM/ECF electronic mail system:

*s/James V. Cook*

9