UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GENARD DENEZ CHESTNUT,

    Plaintiff,

v.                                                                 Case No. 3:23-cv-1478-WWB-SJH

TONY ANDERSON, et al.,

    Defendants.
_____

## HIPAA-QUALIFIED PROTECTIVE ORDER

**THIS CAUSE** is before the Court on Defendants' Amended Motion for Entry of a HIPAA-Qualified Protective Order to facilitate the exchange, disclosure of, and use at trial of Protected Health Information, which may be incidental to the litigation. The parties are engaged in discovery in a federal case that includes information about injuries, illness, or treatment, that may appear in Florida Department of Corrections (FDC) records maintained in medical and non-medical files. The Court being advised in the premises, it is hereby,

**ORDERED AND ADJUDGED:**

1.    In accordance with the requirements of regulations promulgated under the Health Insurance Portability and Accountability Act of 1996, including 45 C.F.R. § 164.512(e)(1)(ii)(B) and § 164.512(e)(1)(v), the Court hereby enters a HIPAA-Qualified Protective Order, as that term is defined in the foregoing regulations.

2. For purposes of this Order, the term "Protected Health Information" or "PHI" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of health care to an individual, or (c) the payment for the provision of health care to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. This order shall apply to all "covered entities" as defined by 45 C.F.R. § 160.103, all health care providers involved with health care at institutions operated by or for FDC, and all employees or agents of FDC who create or maintain corrections records dealing with injuries or treatment, or any other state agencies that create or maintain records incidental to their investigations and reports relating to FDC.

4. Entities subject to this Order are hereby authorized to disclose PHI without redaction to counsel for parties to this action (including their agents and employees) without violating the provisions of HIPAA for the following records:

> a. Records relating to medical conditions or disabilities suffered by Plaintiff, Genard Denez Chestnut, and any medical care for those conditions, including without limitation, records pertaining to any investigations into physical injuries;
>
> b. Records relating to mental health conditions of Plaintiff, Genard Denez Chestnut, and

      c. Other records material to claims or defenses that are deemed to contain PHI.

To the extent that these records and materials, together with the parties' own further investigation, suggest further productive avenues of discovery, any party can seek on a showing of good cause, to apply the protections of this Order to other categories of records and information. The parties may not assert a discovery objection based on the fact that the documents or information sought contain PHI protected by HIPAA, unless the PHI falls outside the scope of this Order. Before disclosing documents with PHI, a party shall mark any file containing PHI information with the following: "Protected Health Information Subject to HIPAA- Qualified Protective Order."

5. Pursuant to 45 C.F.R. § 164.512(e)(1)(v)(A), the parties and their attorneys shall be allowed to use or disclose PHI for this litigation, and any appeals, settlement, enforcement, or monitoring that may result. This includes disclosure to the presiding Judge and the Judge's support staff, the parties and the parties' employees, their attorneys of record, the attorneys' firms (*i.e.*, attorneys and support staff), the parties' insurers, experts, consultants, mediators, court reporters, videographers, and copy services. The parties may also disclose to a current or former prisoner his or her own PHI. The parties and their attorneys may not use the PHI for any other purpose.

6. If a party wishes to file PHI with the Court, it must be submitted with a motion for filing under seal. However, any party may file a pleading or document with the Court that describes, summarizes, quotes, or contains PHI as long as information

identifying the PHI subject is redacted with an unredacted copy to the opposing parties. Unredacted documents containing PHI should be so identified and, if filed with the Court, be submitted with a motion to seal. If a party moves a record containing PHI into evidence as part of the record, the Court shall appropriately instruct the Clerk on how to handle such documents.

7. Prior to disclosing PHI to persons involved in this action, the parties and their attorneys shall take reasonable steps to ensure that such persons do not use or disclose the PHI for any purpose other than this litigation. This shall include, but not be limited to, informing each such person that the PHI may not be used or disclosed for any purpose other than this litigation.

8. Pursuant to 45 C.F.R. § 164.512(e)(1)(v)(B), within 60 days from the conclusion of these proceedings, any recipient of PHI under this Order shall either return the PHI to the covered entity that provided it or destroy the PHI (including all copies made). For purposes of this Order, the conclusion of these proceedings shall mean the point at which this litigation is fully concluded, including by settlement or final order by the trial court ending the case, the conclusion of any appeals and proceedings on remand, the expiration of time for any party to seek further appellate review, or whenever a period of enforcement, determined by a settlement agreement or court order, terminates.

9. This Order does not control or limit the use of PHI that was received by means other than through this Order (for example, through consent of the individual or through a public records request).

10. If any party learns that, by inadvertence or otherwise, PHI has been disclosed to any person or in any circumstance not authorized under this Order, the party must, not later than 14 calendar days after learning of the disclosure, (a) notify in writing the other parties of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Health Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

11. Nothing in this Order shall be deemed to prevent any party from seeking leave of Court to obtain a modification of this Order to include other categories of PHI subject to disclosure without redaction.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of August, 2024.

_____
Samuel J. Horovitz
United States Magistrate Judge

c:
Counsel of record