UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GENARD DENEZ CHESTNUT,

    Plaintiff,

v.                                Case No. 3:23-cv-1478-WWB-SJH

TONY ANDERSON, *et al.*,

    Defendants.
_____/

## **CONFIDENTIALITY ORDER**

    The Parties anticipate that exchanged discovery requests will seek protected confidential and restricted information of the Florida Department of Corrections ("FDC"). Such sensitive information may include operations that affect public safety, the safety of FDC personnel, and proper care and supervision of inmates.

    In anticipation of those discovery requests, and in order to address the parties' and the FDC's concerns, the Parties and the FDC jointly have stipulated to a confidentiality order. Doc. 68-1. Plaintiff has filed an unopposed motion to enter the stipulated confidentiality order. Doc. 68.

    Good cause having been shown, it is **ORDERED**:

1. Plaintiff's Unopposed Motion for Confidentiality Order, Doc. 68, is **GRANTED**.

2. This Confidentiality Order is based on the joint stipulation of the Parties and the FDC.

3. This Confidentiality Order governs the handling, maintenance, storage, and use, of discovery materials that would be exempt from disclosure under public records laws, or are considered confidential by Florida statutes, including section 119.071, Florida Statutes, section 945.10, Florida Statutes, and other state laws as well as certain Florida Department of Corrections security procedures and rules.

4. Plaintiff agrees, and is ordered, to treat the following kinds of discovery materials as confidential, subject to court review:

    a. Any photographs and/or video recordings taken within an FDC prison;

    b. Post Order (i.e., job descriptions) designated by the FDC as restricted;

    c.    Any FDC Duty Rosters (i.e., work schedules, inmates rosters);

    d.    Floor plans, housing logs and dormitory logs;

    e.    Control room logs;

    f.    Photograph of FDC staff;

    g.    Any training materials deemed by the FDC to be restricted;

    h.    Any policies or procedures deemed by the FDC to be restricted.

FDC maintains that these records are, in fact, protected by state and federal law.

    5.    Plaintiff or Defendants also may designate records as confidential. Although the above-listed records are characterized as confidential under this Confidentiality Order, such designation is purely the product of the Parties' agreement and does not reflect a judicial ruling or stipulation by any Party concerning whether such records are protected by state or federal law. A Party may challenge the protection as "confidential" of any particular record for a showing of "good cause"

pursuant to Fed. R. Civ. P. 26. The FDC reserves the right to file appropriate motions to protect the confidential nature of the documents.

6. This Confidentiality Order does not alter the requirements under court rules for redaction of information from documents filed with the court.

7. This Confidentiality Order does not apply to records already in the public domain.

8. The following definitions shall apply to this Confidentiality Order:

    a. "Parties" means and refers to the Plaintiff and each Defendant in the above captioned case.

    b. "Qualified person(s)" means and refers to:

        i. Counsel for the Parties and their employees, as well as contractors tasked with the reproduction of materials;

        ii. Expert witnesses and expert consultants for the Parties;

        iii. Deponents, to the extent needed in deposition, court reporters and persons preparing transcripts;

      iv.    The Court and court personnel; and

      v.    Other persons only upon order of the Court.

9. Confidential discovery materials as provided in this Confidentiality Order, if filed, shall be redacted or submitted to the Court with a motion to seal.

10. Confidential discovery materials as provided in this Confidentiality Order shall be disclosed only to Qualified Persons and used only for this litigation.

11. Confidential discovery materials as provided in this Confidentiality Order may be shown to expert witnesses or expert consultants retained by a Party only after such witness or consultant has executed the Acknowledgment and Agreement (Doc. 68-1, Ex. A) agreeing to be subject to its terms. Counsel sharing the confidential materials shall maintain a log of all persons who have seen or been provided confidential discovery materials.

12. Confidential discovery materials as provided in this Confidentiality Order, when filed pursuant to a sealing order or court rule authorizing the filing under seal of certain records without a court

order, shall be submitted to the Court in sealed envelopes or sealed containers on which shall be written the following:

    a.   the caption of this case; the name of the party filing the materials and an indication of the nature of the contents; and

    b.   a statement substantially in the following form:

[DISCLOSING PARTY'S NAME] CONFIDENTIAL
This envelope (or container) is sealed pursuant to a Confidentiality Order, contains confidential information and is not to be opened or the contents thereof to be displayed or revealed except to counsel of record in these actions or by court order or pursuant to Order of the disclosing party in this action. The subject envelope or container shall not be opened without further order of the Court.

13. When confidential discovery materials as provided in this Confidentiality Order are expected to be presented in any pretrial proceeding, counsel for any Party who is a signatory to this Order may apply to the Court to limit persons permitted to be present during such presentation, quotation, or reference, to only Qualified Persons. The application of this paragraph is limited to pretrial proceedings. Comparable measures may be requested for trial, if necessary.

14. If any Party objects to the designation of any discovery material as "Confidential," the objecting party shall so notify the producing party in writing. In the event that a dispute arises about the confidential nature of any materials or a Party's duty to produce materials under this Order, the Party shall confer with the opposing party in good faith to resolve the dispute prior to resorting to Court action.

15. Producing or receiving materials or otherwise complying with the terms of this Confidentiality Order shall not:

    a.    Operate as an admission by any party that any particular discovery material contains or reflects any confidential matter; or

    b.    Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery for reasons other than privilege; or

    c.    Prejudice in any way the rights of a party to seek a court determination whether particular discovery material should be produced; or

      d.    Prejudice in any way the rights of a party to apply to the court for a further protective order relating to any confidential information.

16. Within thirty days of conclusion of this litigation including appeals thereof, all confidential discovery materials governed by this Confidentiality Order that were supplied by the parties and all copies thereof shall be returned to the producing party. All confidential discovery materials governed by this Confidentiality Order which are electronically stored in any manner must be permanently deleted.

17. Parties shall not disclose confidential materials to a Plaintiff who is a state prisoner, with the exception that the Plaintiff shall review the video relating to the incident and pictures of the Plaintiff. Plaintiff and percipient witnesses also may be permitted to review without possessing staff photographs solely for identification purposes. Should Counsel for Plaintiff believe that additional confidential materials need be disclosed outside of the conditions set by this Confidentiality Order, Plaintiff's Counsel shall provide the FDC with a written request to disclose the confidential materials explaining the necessity of the

disclosure. If the FDC does not consent, nothing in this order prohibits Plaintiff from seeking a court order permitting the disclosure.

18.  The obligation to maintain confidentiality pursuant to this Confidentiality Order shall continue after the conclusion of this case.

**SO ORDERED** this _____ day of October, 2024.

_____
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GENARD DENEZ CHESTNUT,

    Plaintiff,

v.                                       Case No.  3:23-cv-1478-WWB-SJH

TONY ANDERSON, *et al.*,

    Defendants.
_____/

### Exhibit A: <u>ADDENDUM TO CONFIDENTIALITY ORDER</u>

The undersigned has been engaged as a consultant or expert in the above referenced action and hereby acknowledges that he/she has read the Confidentiality Order in this cause, understands the provisions of the Order, and agrees to comply with the Order.

The material or information is being disclosed pursuant and subject to the Order and may not be disclosed other than pursuant to its provisions.

Date:_____, 20__.


_____       _____
NAME                                            SIGNATURE