UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GENARD DENEZ CHESTNUT,

    Plaintiff,

v.                                      Case No.  3:23-cv-1478-WWB-SJH

TONY ANDERSON, *et al.*,

    Defendants.
_____/

**PROTECTIVE ORDER REGARDING INFORMATION
SUBJECT TO THE PRISON RAPE ELIMINATION ACT**

**THIS CAUSE** having come before the Court on the Joint Motion for Entry of Protective Order Regarding Information Subject to the Prison Rape Elimination Act (PREA) to facilitate the exchange, disclosure of, and use at trial of confidential information related to sexual abuse, which may be incidental to the litigation. The parties are engaged in discovery in a federal case that includes information about incidents of alleged sexual abuse that may appear in Florida Department of Corrections (FDC) records maintained in medical and non-medical files. The Court being advised in the premises, it is hereby,

    **ORDERED AND ADJUDGED**:

1

1. In accordance with the requirements of regulations promulgated under the Prison Rape Elimination Act, including 28 C.F.R. § 115.61(b), and noticing the Florida Statutes, including § 119.071(2)(h)(1)(b-c), Fla. Stat. (2024), as a matter of comity, the Court hereby enters this Protective Order Regarding Confidential PREA Information.

2. For purposes of this Order, the term "Confidential PREA Information" shall have the same scope and definitions as set forth in 28 C.F.R. § 115.61(b) and § 119.071(2)(h)(1)(b-c), Fla. Stat. (2024). Confidential PREA Information includes, but is not limited to, any information related to a sexual abuse report, any information that may reveal the identity of a person who is a victim of any sexual offense, and photographs, videotapes, or images of any part of the body of a victim of a sexual offense.

3. This order shall apply to all employees or agents of FDC who create or maintain corrections records dealing with sexual abuse allegations or any other state agencies that create or maintain records incidental to their investigations and reports relating to FDC.

4. Entities subject to this Order are hereby authorized to disclose Confidential PREA Information without redaction to counsel for parties to this action (including their agents and employees) without violating the provisions of PREA or the Florida Statutes for the following records:

    a. Records relating to medical conditions or disabilities suffered by Plaintiff and any medical care for those conditions, including without limitation, records pertaining to any investigations into physical injuries;

    b. Records relating to the mental health condition of Plaintiff;

    c. Records relating to injuries suffered by any other prisoner in the course of the same episode as the injuries to the Plaintiff and any medical care for those injuries.

    d. Records relating to injuries suffered by corrections officers, if any, in the course of the same episode as the injuries to the Plaintiff, and any medical care for those injuries;

    e. Records relating to the investigation of sexual abuse allegations made by the Plaintiff; and

    f. Other records material to claims or defenses that are deemed to contain Confidential PREA Information.

 To the extent that these records and materials, together with the parties' own further investigation, suggest further productive avenues of discovery, any party can seek on a showing of good cause, to apply the protections of this Order to other categories of records and information. The parties may not assert a discovery objection based on the fact that the documents or information sought contain Confidential PREA Information protected by

PREA or the Florida Statutes, unless the Confidential PREA Information falls outside the scope of this Order. Before disclosing documents with Confidential PREA Information, a party shall mark any file containing Confidential PREA Information with the following: "Confidential Information Subject to PREA Protective Order."

5. The parties and their attorneys shall be allowed to use or disclose Confidential PREA Information for this litigation, and any appeals, settlement, enforcement, or monitoring that may result. This includes disclosure to the presiding Judge and the Judge's support staff, the parties and the parties' employees, their attorneys of record, the attorneys' firms (*i.e.*, attorneys and support staff), the parties' insurers, experts, consultants, mediators, court reporters, videographers, and copy services. The parties may also disclose to a current or former prisoner his or her own Confidential PREA Information. The parties and their attorneys may not use Confidential PREA Information for any other purpose.

6. If a party wishes to file Confidential PREA Information with the Court, it must be submitted with a motion for filing under seal. However, any party may file a pleading or document with the Court that describes, summarizes, quotes, or contains Confidential PREA Information as long as information identifying the Confidential PREA Information subject is redacted with an unredacted copy to the opposing parties. Unredacted documents

containing Confidential PREA Information should be so identified and, if filed with the Court, be submitted with a motion to seal. If a party moves a record containing Confidential PREA Information into evidence as part of the record, the Court shall appropriately instruct the Clerk on how to handle such documents.

7. Prior to disclosing Confidential PREA Information to persons involved in this action, the parties and their attorneys shall take reasonable steps to ensure that such persons do not use or disclose the Confidential PREA Information for any purpose other than this litigation. This shall include, but not be limited to, informing each such person that the Confidential PREA Information may not be used or disclosed for any purpose other than this litigation.

8. Within 60 days from the conclusion of these proceedings, any recipient of Confidential PREA Information under this Order shall either return the Confidential PREA Information to the entity that provided it or destroy the Confidential PREA Information (including all copies made). For purposes of this Order, the conclusion of these proceedings shall mean the point at which this litigation is fully concluded, including by settlement or final order by the trial court ending the case, the conclusion of any appeals and proceedings on remand, the expiration of time for any party to seek further

appellate review, or whenever a period of enforcement, determined by a settlement agreement or court order, terminates.

9. This Order does not control or limit the use of Confidential PREA Information that was received by means other than through this Order.

10. If any party learns that, by inadvertence or otherwise, Confidential PREA Information has been disclosed to any person or in any circumstance not authorized under this Order, the party must, not later than 14 calendar days after learning of the disclosure, (a) notify in writing the other parties of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential PREA Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

11. Nothing in this Order shall be deemed to prevent any party from seeking leave of Court to obtain a modification of this Order to include other categories of Confidential PREA Information subject to disclosure without redaction.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of November, 2024.

Samuel J. Horovitz
United States Magistrate Judge

c:
Counsel of record