UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GENARD DENEZ CHESTNUT,

    Plaintiff,

v.   Case No. 3:23-cv-1478-WWB-SJH

TONY ANDERSON, et al.,

    Defendants.
_____

## ORDER

Plaintiff, Genard Denez Chestnut, an inmate of the Florida Department of Corrections ("**FDOC**"), is proceeding on an Amended Complaint (Doc. 44) filed through counsel. He sues ten[1] Defendants at Union Correctional Institution in their individual capacities. (*Id.* at 2–3). According to Plaintiff, on December 2, 2019, Defendants used excessive force on him resulting in serious injuries. (*See id.* at 5–12). He lists six causes of action, including retaliation, excessive force, supervisory liability, failure to intervene, failure to protect, and conspiracy. (*See id.* at 13–17).

Defendant Tony Anderson moves to dismiss the Amended Complaint. (*See* Doc. 61). Anderson argues that the only claim brought against him—conspiracy—should be dismissed based on the intracorporate conspiracy doctrine. (*See id.*). Plaintiff filed a response in opposition. (*See* Doc. 64).

## I. STANDARD OF REVIEW

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

---

[1] Plaintiff voluntarily dismissed all claims against David Snow. (*See* Doc. 77).

8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II. INTRACORPORATE CONSPIRACY DOCTRINE

"The intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000). The doctrine recognizes that "[a] corporation cannot conspire with its employees and its employees, when acting within the scope of their employment, cannot conspire among themselves." *McPhie v. Yeager*, 819 F. App'x 696, 701 (11th Cir. 2020); *see Dickerson v. Alachua Cnty. Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000) ("The reasoning behind the intracorporate conspiracy doctrine is that it is not possible for a

single legal entity consisting of the corporation and its agents to conspire with itself, just as it is not possible for an individual person to conspire with himself.").

While all Defendants were FDOC employees, Plaintiff argues that another co-conspirator, Michael Collins, was employed by Centurion.[2] Therefore, according to Plaintiff, the conspirators were not all part of the same corporation and the intracorporate conspiracy doctrine does not apply. Based on Plaintiff's contentions, the doctrine may not be factually applicable here. *See Robinson v. City of Darien*, 362 F. Supp. 3d 1345, 1376 (S.D. Ga. 2019) (declining to grant summary judgment on the intracorporate conspiracy doctrine when the plaintiff argued a non-party individual who was not employed by the police department was involved in the conspiracy).

Regardless, taking Plaintiff's allegations as true and liberally construing such allegations, this case may present an exception to the doctrine with respect to potential criminal conduct. Thus, the Court declines to apply the intracorporate conspiracy doctrine to bar Plaintiff's claim at this stage of the proceeding. *See Moss v. Dixon*, No. 3:21-cv-1026-MMH-MCR, 2023 WL 3687809, at *9 (M.D. Fla. May 26, 2023) (denying motion to dismiss based on the intracorporate conspiracy doctrine); *Logan v. Johnson*, No. 3:13-cv-532-J-39MCR, 2014 WL 5473561, at *5–6 (M.D. Fla. Oct. 28, 2014) (denying motion to dismiss and finding the criminal conduct exception may apply); *Newsome v. Lee Cnty., Ala.*, 431 F. Supp. 2d 1189, 1203-05, 1203 n.7 (N.D. Ala. 2006) (declining to apply the intracorporate conspiracy doctrine to a conspiracy claim brought by an inmate against

---

[2] Although referred to in one section of the Amended Complaint as a Defendant, (*see* Doc. 44 at 17), Michael Collins is neither listed in the caption of the Amended Complaint or the list of parties, (*id.* at 1, 2-–3), nor has he been served with process. In the Amended Complaint, however, Plaintiff alleges that Collins was part of the conspiracy to violate Plaintiff's rights. (*See id.* at 17).

3

sheriff's department employees, finding applicable the criminal conspiracy exception and the personal stake exception).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant Tony Anderson's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 61) is **DENIED**.

2. Defendant Anderson shall file an answer to the Amended Complaint (Doc. 44) within **fourteen days** of the date of this Order.

**DONE AND ORDERED** in Jacksonville, Florida, on December 20, 2024.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

JAX-3 12/6

c:   Counsel of Record